IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIS MARK HAYNES, | : | CIVIL NO. 3:14-CV-2178 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN, USP ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Willis Mark Haynes ("Haynes"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

"Following a jury trial, Haynes was convicted of three counts of first-degree murder in violation of 18 U.S.C. § 1111(a), three counts of kidnapping [sic] in violation of 18 U.S.C. § 1201(a), and three counts of using a handgun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Although the jury could have voted for the death penalty,

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

it chose not to. Haynes eventually received concurrent life terms on the first-degree murder and kidnapping [sic] counts, and a forty-five year consecutive sentence on the firearm counts. The Fourth Court affirmed the conviction and sentence, United States v. Haynes, 26 Fed. Appx. 123 (4th Cir. 2001), and the Supreme Court denied certiorari. Haynes v. United States, 535 U.S. 979, 122 S.Ct. 1455, 152 L.Ed.2d 396 (2002)." Haynes v. United States, 451 F. Supp.2d 713, 717 (D.C. Md. 2006). "On November 19, 2002, Haynes filed a Motion to Vacate his sentence pursuant to 28. U.S.C. § 2255. On July 26, 2006, the Court denied his Motion because it failed to show constitutionally defective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), did not establish the Government's alleged use of perjured testimony in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), could not demonstrate lack of federal jurisdiction, and offered no new evidence to support a claim of actual innocence. The Fourth Circuit affirmed on October 19, 2007 and denied re-hearing en banc on December 17, 2007." Haynes v. United States, No. 02-3850, 2010 WL 2925115, at *1 (D.C. Md. July 22, 2010).

The instant petition was filed on November 13, 2014. Haynes seeks relief on the ground that he "stands detained for a conviction deriving form a murder allegedly committed by Petitioner on January 27, 1996 in the Patuxent Wildlife Refuge. At the time of the alleged murder, the United States did not have territorial jurisdiction over the Patuxent Wildlife Refuge; and the United States did not acquire territorial jurisdiction over the Patuxent Wildlife Refuge until August 7, 1996 (7 months after the murder), making Petitioner's

detention unconstitutional." (Doc. 1, 7).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Haynes raised the very issue he raises in this petition in his motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. See Haynes v. United States, 451 F. Supp.2d at 726. The district court stated that "[t]here can be no doubt that the murders in question took place on federal land, more particularly the Patuxent Wildlife Refuge in Prince George's County[, Maryland]." (Id.) Haynes has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the

sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Haynes fails to demonstrate that he falls within the Dorsainvil exception. He fails to allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate as he contends that the court lacks jurisdiction as opposed to being factually innocent of the crime for which he was convicted. Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."). If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is

the case here, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III. <u>Conclusion</u>

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated:     February 11, 2015